### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MICHAEL H. MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>(1) BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 21-cv-00216-CVE-CDL<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Michigan ("BCBSM") hereby files its notice of removal ("Notice of Removal") to this Court of the action filed in the District Court of Creek County, Oklahoma, Case No. CJ-2021-2. BCBSM shows the Court as follows:

1. On or about April 13, 2021, Plaintiff filed an Amended Petition against BCBSM in the action styled *Michael H. Moore v. Blue Cross Blue Shield of Michigan*, in the District Court of Creek County, Oklahoma, Case No. CJ-2021-2 (the "Action").

2. The Amended Petition is attached hereto as Exhibit A, and copies of all other documents filed or served in the Action are attached hereto as Exhibit B.

3. BCBSM received notice of the Amended Petition on April 21, 2021, upon receipt of the same. As such, this Notice of Removal is timely, in accordance with 28 U.S.C. §1446(b).

4. This is the kind of action over which the Court has federal question jurisdiction under 28 U.S.C. § 1331, by virtue of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

5. Ordinarily, the well-pleaded complaint rule governs whether a lawsuit should be litigated in federal or state court. Under that rule, jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipating of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

6. However, complete preemption of state law by a federal statute is an exception to the well-pleaded complaint rule, and such exception applies in this case. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*

7. It is well-established that ERISA is a federal statute that completely preempts state law for purposes of exemption from the well-pleaded complaint rule. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). A "state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" at 29 U.S.C. § 1132(a) is removable to federal court under the doctrine of complete preemption. *Id.* at 209. "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "Hence,

'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Metro. Life*, 481 U.S. at 66); *see also Felix v. Lucent Tech., Inc.,* 387 F.3d 1146, 1157 (10th Cir. 2004).

8. Plaintiff's lawsuit challenges the payment of medical benefits under the UAW Ford Retirees Medical Benefits Plan (the "Plan") (Am. Pet. at ¶ 7) The Plan Document is attached hereto as Exhibit C. The Plan is established and maintained by Ford Motor Company ("Ford") for the purpose of providing medical benefits to former employees of Ford and their survivors. (Ex. C, Plan Doc. at §§ 1.1, 1.2) As such, the Plan is an "employee benefit plan" within the meaning of ERISA. *See* 29 U.S.C. § 1002(1) and (3). The Plan is self-funded by Ford, and BCBSM administers the Plan.

9. Plaintiff's lawsuit revolves around the allegation that he was denied benefits due under the Plan, specifically for treatment of heart and chest pain. (Ex. A, Am. Pet. at ¶¶ 7-15) As such, Plaintiff asserts BCBSM breached the terms of the Plan (Ex. A, Am. Pet. at ¶¶16-27) and acted unreasonably and in bad faith so as to warrant extra-contractual and punitive damages (Ex. A, Am. Pet. at ¶¶ 28-38).

10. ERISA's civil enforcement provisions specify a remedy applicable to these allegations, in the form of recovery of any benefits due under the Plan:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

*See* 29 U.S.C. § 1132(a)(1)(B). No duty independent of the Plan is implicated. As such, Plaintiff's lawsuit falls within the scope of ERISA's civil enforcement mechanism and is removable to federal court. *See Aetna Health*, 542 U.S. at 214 (suits brought "to rectify a

wrongful denial of benefits promised under ERISA-regulated plans" are completely pre-empted by ERISA).

11. Plaintiff's state law claims for breach of contract and bad faith are completely preempted and displaced by the limited remedy under ERISA, 29 U.S.C. § 1132(a)(1)(B), for any benefits "due to him under the terms of his plan."

12. Jurisdiction in this court is proper regardless of the amount in controversy or the citizenship of the parties.  29 U.S.C. §1132(f).

13. Promptly after filing this Notice of Removal, written notice will be given to all parties and a copy will be filed with the District Court of Creek County, Oklahoma. *See* 28 U.S.C. § 1446(d).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 29 U.S.C. § 1332(e)(2) because the United States District Court for the Northern District of Oklahoma is the federal judicial district embracing the District Court of Creek County in Sapulpa, Oklahoma, where the Action was filed and where the alleged breach took place.

15. By this Notice of Removal, BCBSM does not waive any defenses or objections it may have to this action. BCBSM intends no admission of fact, law, or liability and expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, BCBSM files this Notice of Removal, removing the Action to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

/s/ Alison M. Howard
Kevin D. Gordon, OBA# 10826
Alison M. Howard, OBA #19835
CROWE & DUNLEVY,
A PROFESSIONAL CORPORATION
The Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, OK 73102
Telephone:  (405) 235-7700
Facsimile:  (405) 239-6651
kevin.gordon@crowedunlevy.com
alison.howard@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT, BLUE CROSS BLUE SHIELD OF MICHIGAN**

## CERTIFICATE OF SERVICE

  I certify that on the 19th day of May 2021, this Notice of Removal was filed in the United States District Court for the Northern District of Oklahoma and that a true and correct copy of said Notice of Removal was served upon the above-named plaintiff, by mailing said copies to plaintiff's attorneys of record:

G. Gene Thompson
Keri D. Palacios
Attorneys for Plaintiff
CREEK COUNTY LAW, PLLC
101 E. Lee Avenue
Sapulpa, OK 74066
gene@creekcountylaw.com
keri@creekcountylaw.com

**ATTORNEYS FOR PLAINTIFF**

I further certify that a copy of said Notice of Removal was delivered to the Creek County Court Clerk for filing on the 19th day of May 2021.

/s/ Alison M. Howard
Alison M. Howard