FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK
APR 13 2021
TIME_____ 2:33
Amanda VanOrsdol, COURT CLERK

IN THE DISTRICT COURT IN AND FOR CREEK COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| MICHAEL H. MOORE, ) | Case No. CJ-21-2 |
| Plaintiff, ) | |
| vs. ) | Jury Trial Demanded |
| ) | |
| BLUE CROSS BLUE SHIELD of Michigan, ) | Attorney Lien Claimed |
| ) | |
| Defendant. ) | The Honorable Judge Golden |

## AMENDED PETITION

**COMES NOW,** Michael H. Moore (hereinafter "Plaintiff"), by and through his attorneys of record, G. Gene Thompson, Esq., Margaret Cook, Esq., and Keri D. Palacios, Esq. of Creek County Law, PLLC and for his Petition against Defendant, Blue Cross and Blue Shield Association (hereinafter "Defendant"), would allege and state, the following, to-wit:

### Jurisdiction and Venue

1. This court has personal and subject matter jurisdiction and venue is proper inasmuch as Defendant's acts and conduct occurred within the State of Oklahoma, and Defendant maintains and conducts business throughout the State of Oklahoma, including Creek County.

2. Plaintiff resides in the city of Sapulpa, Creek County, State of Oklahoma.

3. Defendant, Blue Cross Blue Shield of Michigan is a foreign corporation/insurance company, pursuant to 36 O.S. § 602, and is duly authorized to transact business, including insurance within the State of Oklahoma, thus meeting the definition of 36 O.S. § 103. In addition, Defendant transacts in the business of providing medical insurance, as defined by 36 O.S.. § 606-607, to policyholders throughout the State of Oklahoma.

4. Pursuant to 12 O.S. § 2004(F), this Court has proper subject matter jurisdiction.

5. Pursuant to 12 O.S. § 137, venue is proper in Creek County, State of Oklahoma.

## Statement of Facts

6. Plaintiff adopts and incorporates by reference paragraphs 1 through 5, as fully set forth herein.

7. In reliance on the written terms of, and representations made by Defendant, by way of the insurance policy, Plaintiff receives medical benefits under the URMBT Ford – TCN – Retiree/Surviving Spouse group health care plan. **Enrollee ID: 920401899 and Group: 71435.**

8. Pursuant to the medical benefits that said policy provides, any service that is provided to the Plaintiff herein must be medically necessary, and certain clinical criteria must be met, before coverage will be provided.

9. On or about December 30, 2019, through January 1, 2020, Plaintiff was taken to the Emergency Room at St. Francis Hospital INC. due to heart issues and extreme chest pain.

10. Upon Plaintiff's arrival, the medical professionals at St. Francis Hospital INC. admitted him and he was kept in the Intensive Care Unit.

11. The treatment and care that Plaintiff received was required by St. Francis Hospital INC. due to the possibility of a heart attack.

12. Plaintiff was properly monitored and treated for his pain per the medical professionals at St. Francis Hospital, INC.

13. Following the denial of coverage on the foregoing hospital visit, and treatment, Plaintiff properly submitted an appeal. Thereafter, Plaintiff hired counsel and submitted numerous demand letters to settle this matter.

14. Demands from Plaintiff were an attempt to reach a settlement under the policy itself

which states that once the deductible is satisfied, Defendant shall pay ninety percent (90%) and the Plaintiff shall pay ten percent (10%) of the amount due.

15. However, Defendant failed to respond to the numerous demands and correspondence from Plaintiff's counsel, which left Plaintiff with no alternative other than filing the foregoing suit to resolve this matter. Immediately preceding this filing, months after numerous demands and correspondence had been submitted, Defendant responded to Plaintiff's demand for settlement with an outright denial letter.

### Count I – Breach of Contract – Defendant Blue Cross Blue Shield of Michigan

For his first claim against Defendant, Breach of Contract, the Plaintiff alleges, and states as follows:

16. Plaintiff adopts and incorporates by reference Paragraphs 1 through 15 of his Petition.

17. At all times, Plaintiff complied with the terms of the Health Plan required for coverage under the terms and conditions of his Health Care Benefits.

18. Plaintiff properly submitted a claim for benefit under his Health Care Benefits.

19. Defendant owed Plaintiff specific obligations under the terms of Plaintiff's Policy (Contract) providing Health Care Benefits.

20. Defendant is obligated to pay for medical treatment, operations, and other services that are medically necessary, and not experimental or investigational, as defined and covered under the terms of Plaintiff's Policy (Contract) providing Health Care Benefits.

21. The treatments recommended, and thereafter performed, for Plaintiff's heart and chest pain were medically necessary and not experimental or investigational.

22. Accordingly, Defendant was obligated under the Plaintiff's Policy Health Care

Benefits to pay for, subject to the terms of the coverage amounts, the treatment that Plaintiff received on December 30, 2019 through his discharge on January 1, 2020 at St. Francis Hospital INC.

23. Defendant was provided with specific information and evidence by Plaintiff's doctors and medical providers which established that the treatment performed was medically necessary for Plaintiff's life and well-being.

24. Despite an appeal by Plaintiff after his coverage was denied and numerous attempts by Plaintiff's counsel to resolve this issue with Defendant via demand letters and correspondence, Defendant still refuses to cover the medically necessary treatment that Plaintiff received during December 30, 2019 through January 1, 2020 at St. Francis Hospital, INC.

25. The acts and omissions of Defendant, in the evaluation and decision of Plaintiff's coverage were unreasonable, improper, and in violation of the terms of Plaintiff's Health Care Benefits.

26. Defendant breached the contract with Plaintiff by failing to pay for covered claims, forcing Plaintiff to initiate an appeal, and thereafter hire counsel, without providing a reasonable review and consideration of information and evidence submitted in support of said appeal and by counsel, and otherwise failing to comply with its obligations under the terms of the Plaintiff's Health Care Benefits.

27. Plaintiff has sustained actual damages as a direct and proximate result of Defendant's breach of contract in an amount exceeding the amount defined by 28 U.S.C. § 1332.

**Count II – Bad Faith – Defendant Blue Cross Blue Shield of Michigan**

For their second claim against Defendant, Bad Faith, the Plaintiff alleges, and states as follows:

28.     Plaintiff adopts and incorporates by reference Paragraphs 1 through 27 of his Petition.

29.     Defendant, as an insurer, owes Plaintiff, as insured, a duty to deal fairly and act in good faith under Oklahoma Law.

30.     The acts and omissions of Defendant in the investigation, evaluation, and decision on Plaintiff's claims were unreasonable, improper, and constitute bad-faith for which extra-contractual damages are claimed.

31.     Plaintiff is covered under the terms of his Health Care Benefits with the Defendant.

32.     Defendant acted unreasonably, and in bad faith, by failing to cover Plaintiff's claim, refusing to pay for the medically necessary treatment that Plaintiff received, forcing Plaintiff to initiate an appeal and hire counsel without providing reasonable and adequate consideration of the information submitted by or on Plaintiff's behalf as part of said appeal or by counsel, improperly and arbitrarily denying coverage for medically necessary treatment, ignoring evidence that said treatment was established as the medical standard of care by the medical professionals at St. Francis Hospital, INC., supplanting Defendant's own interest ahead of the interests of its insured, and otherwise implementing and executing a claims decision process that fails to establish and follow adequate standards for claims handling.

33.     Defendant recklessly disregarded its duty to deal fairly and act in good faith as its conduct was unreasonable and there was a high probability that had Plaintiff not received the medically necessary treatment, then Plaintiff would suffer serious harm or even death.

34.     As a direct and proximate result of Defendant's bad faith, Plaintiff has suffered damages in excess of the amount defined by 28 U.S.C. § 1332

**Count III – Punitive Damages – Defendant Blue Cross Blue Shield of Michigan**

For his third claim against Defendant, Punitive Damages, the Plaintiff alleges and states as follows:

35. Plaintiff adopts and incorporates by reference Paragraphs 1 through 34 of his Petition.

36. The conduct of Defendant in the handling of Plaintiff's claim was intentional, willful, wanton, and with reckless disregard for the rights of Plaintiff for which punitive damages are claimed.

37. Defendant has established a pattern or practice of improper claims handling and arbitrary claims denials such that Defendant recklessly disregards its duty of good faith and fair dealing to insureds within Oklahoma as a matter of common business practice.

38. Plaintiff is entitled to an award of punitive damages as determined by a jury pursuant to 23 Okla. Stat. § 9.1.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Michael H. Moore, prays for judgment in his favor and against Defendant, and request this Court award Plaintiff's damages for Defendant's breach of contract, bad faith, punitive damages, together with court costs, attorneys' fees and any further relief the Court deems just and equitable. Plaintiff's damages exceed the amount required by 28 U.S.C. § 1332, exclusive of attorneys' fees and costs in a total amount to be determined by a jury.

Dated this 12th day of April, 2021.

Respectfully submitted,

*[signature]*

G. Gene Thompson, Esq. OBA No. 31243
Keri D. Palacios, Esq. OBA No. 34175
CREEK COUNTY LAW, PLLC
101 E. Lee Avenue
Sapulpa, OK 74066
Telephone: 918.223.3044
Facsimile: 918.998.0344
Email: gene@creekcountylaw.com
Email: keri@creekcountylaw.com
**ATTORNEYS FOR PLAINTIFF**

## RULE 4 ATTORNEY VERIFICATION

STATE OF OKLAHOMA    )
                     )  SS:
COUNTY OF CREEK      )

The undersigned, being of lawful age and first duly sworn upon her oath, deposes and states as follows: she is an attorney for the Petitioner named in the above-entitled action; she has read the above and foregoing; she believes the testimony and evidence at trial will prove the facts and matters therein set forth are true and correct.

_____
Keri D. Palacios, Esq., OBA No. 34175

SUBSCRIBED AND SWORN TO before me on this 12th day of April, 2021.

MICHAEL TROTTER
NOTARY PUBLIC
#20014945 EXP. 12/10/2024
STATE OF OKLAHOMA

_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April 2021, a true and complete copy of the above and foregoing *Petition* was served by being deposited in the U.S. mail, with proper postage affixed thereon, and/or hand-delivered, via licensed process server to the following:

Blue Cross Blue Shield, of Michigan
ATTN: Michael Ossy
600 E. Lafayette East, MC 1925
Detroit, MI 48226
*Defendant*

Michael H. Moore
*Plaintiff*

Keri D. Palacios, *Attorney for Plaintiff*